O’SCANNLAIN, Circuit Judge,
concurring in part, dissenting in part, and concurring in the judgment:
I agree with Judge McKeown that the district court’s decision to deny the petition for habeas corpus must be affirmed. Therefore, I concur in her opinion, and in its excellent reasoning — except as to Section I.A. I respectfully dissent from Section I.A., and write separately to explain why the California Supreme Court’s conclusion that Deputy LaCasella was not a “key witness” under Turner must be afforded AEDPA deference.
I
I begin by noting that Section I.A. is dicta — whether it is included or excised, the result is the same because, as Section I.B. persuasively explains, Cummings cannot show that the California Supreme Court erred in evaluating Turner’s second prong — the “heart of the Turner analysis.”
Further, Section I.A. is not only unnecessary to resolution of this case, but is, in my view, incorrect. The California Supreme Court was not objectively unreasonable in concluding that a “key” witness under Turner must be the “principal” witness — not merely one of several witnesses whose testimony is probative of guilt. Furthermore, because its key witness analysis did not contravene Turner, and because its decision was not “so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,” it is our obligation to defer to the state court’s conclusion. White v. Woodall, — U.S. -, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014) (internal quotation marks omitted).
A
The majority opinion[1] concludes that LaCasella was a “key prosecution witness” under Turner because he was important— although not necessary — to the state’s case. Specifically, the majority notes that: (1) the prosecutor emphasized the importance of LaCasella’s testimony to the jury, and (2) no other witness — or more accurately, no other witness of such credibility [2] — -provided testimonial support for the government’s precise theory of the case.
*1156 Although I agree with the majority’s conclusion that LaCasella’s testimony was important, I disagree with its conclusion that the California state court was thus compelled to treat LaCasella as a “key” witness under Turner, and with any resulting implications. The majority argues that a “key” witness is any witness who testifies to an important issue, beyond “some uncontroverted or merely formal aspect of the case for the prosecution,” even when “other evidence [and testimony] also supports the verdict.” But Turner does not establish that such “important” and “key” witnesses are the same.
While Turner “emphasized” that the bailiff-witnesses in that ease were the “key witnesses” whose testimony “must inevitably have determined whether Wayne Turner was to be sent to his death,” 379 U.S. at 473, 85 S.Ct. 546, this statement does not “clearly establish” that any important witness whose testimony is probative of guilt is a “key witness.” If anything, Turner suggests that a “key” witness is one whose testimony is absolutely necessary to establish guilt, as was the case with the two bailiffs in Turner. See 379 U.S. at 474, 85 S.Ct. 546 (explaining that “Turner’s fate depended upon how much confidence the jury placed in these two witnesses”). By contrast, as the majority concedes, La-Casella was only one of several witnesses who testified to Cummings’s guilt.
Thus, the California Supreme Court’s conclusion that LaCasella “was not the principal or key prosecution witness,” Cummings, 4 Cal.4th at 1290, 18 Cal.Rptr.2d 796, 850 P.2d 1, is not “objectively unreasonable” and “so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” White, 134 S.Ct. at 1702.
II
I agree with Judge McKeown that the denial of Cummings’s petition must be affirmed. However, because the California Supreme Court was not “objectively unreasonable” in its interpretation of the minimal Supreme Court guidance on the Turner “key” and “principal” witness issue, and, although I concur in the rest of the opinion, I must respectfully dissent from Section I.A.

. Because Chief Judge Thomas agrees with Section I.A., I refer to it as part of the "majority opinion.”

. As the majority notes, LaCasella’s testimony was not the only testimony supporting the prosecution’s "first-shot” theory — "at least one eyewitness testified that the person in the back seat fired the first shot.”